Mr. Thomas, right? I have the right sheet now. Okay, the next case on the... Are you ready to proceed? Yes, Your Honor. Okay. The next case on the docket is Brown v. Cochran, 524-1291. Appellant, ready to proceed? You may do so. You can go ahead and start the timer off.  You may start. It pleases the Court and the Counsel, I would like to make some brief opening comments before I get into the main body of what my argument is. Would you state your name? Steve Thomas for the appellant. Okay. Thank you, Mr. Thomas. First of all, I can understand why the trial court judge, Judge Beckett, ruled as he did. There's this ongoing F case, I'll refer to it simply as the F case, and his impression apparently was that I was engaging in some kind of gamesmanship by filing an O.P. case involving the same parties and then the substitution of judge motion. But the statute must be followed. That's my main emphasis here. The statute must be followed. The SOJ statute permits the substitution of judge and a separate cause of action. The O.P. case was a new case with allegations not previously raised in the F case. New allegations of child abuse by the father. Bowman, on which the trial court judge heavily relied, did not involve any new allegations at all. There... Mr. Thomas, I'm going to interrupt you already because I'd like to know your response to this question. What impact did the consolidation of the two cases have on the motion for substitution of judge? Well, that prompted me to file the substitution of judge motion because this judge... This was... The O.P. emergency hearing was before Judge Rose, and then after that concluded, the other side wanted to consolidate the case, and I didn't want that to happen because I wanted the O.P. case to be heard separately. But customarily, those type of cases are consolidated, are they not? Or they travel together? They're consolidated or travel together, correct? Yes. And if they had traveled together, I think the SOJ motion would have caused the judge to say, well, we have to have a new judge for both cases. I agree they should stay together. But let me back up even further. They're consolidated for a reason, and that reason is to fulfill Supreme Court Rule 903. Is that correct? We'll say so, yeah. So that the judge that's heard the underlying family matter can, in fact, who's familiar with the case and the best interest of the children and whatnot, that same judge that's already made rulings can then address similar, if not exactly identical issues in the order of protection. Would you agree? That's why I emphasize the statute must be followed because the statute requires a new case to be, commits a new case to be subbed out, the judge to be subbed out. That's what I keep going back to. I'm having a hard time following that because it put the judge in a trick bag, in a box, didn't it, because there were two diametrically opposed issues then, a motion for substitution of judge versus Supreme Court Rule 903. What was the judge to do in that case? Because it's compatible with both by allowing the substitution of judge in both cases going before a different judge. There's no need to violate either one of those. But by disallowing the SOJ, the judge went against the SOJ statute, and he can't do that. That's my point. Did he go against the SOJ statute, though? Because doesn't the SOJ statute say that once a substantive ruling is made, that a motion for substitution of judge should be denied? In the case. Those are important words. In the case. That's my whole argument. The OP case was a different case because it had new allegations, unlike the Bowman case on which the judge lied. The Bowman case, exact same allegations. For all the practical purposes of the SOJ statute, it was the same case in Bowman. Not so here. And that's why I can't emphasize strongly enough. So you've got to come to the bottom of the statute, and if the SOJ motion is granted, then both 903 and the SOJ statute could be satisfied. But not so with the denial of the SOJ, because then the judge went against the in-the-case requirement or provision of the SOJ statute. But in your scenario, then, hypothetically, anyone who filed a new order of protection at any given time would have an opportunity, then, to file a motion for substitution of judge, and the judge would then have to turn that case over each and every time an order of protection is filed to a new judge. I think that's what the statute requires. Because it says, in the case, and the Bowman action opinion said, that means any new cause of action, the SOJ right applies. I think that Bowman says more than that, though. I think that Bowman actually says that, in fact, the Bowman case, the intent of the Bowman case is to prohibit judge shopping when there are issues that overlap in matters. Correct? I don't think so.  Tell me where I'm wrong. Well, I was trying to get to this in my opening statement.  We were relying on the purpose of the SOJ statute. Bowman discusses the purpose of the SOJ statute, but it only talks about the purpose of the restrictions in the SOJ statute. It doesn't talk about why the SOJ statute is there in the first place. And the reason it's there in the first place is, well, it's a matter of objects. For litigants, if they know a judge from past experience, from a previous case, or by reputation, or doesn't like the judge's political leanings, or anything else like that, that's why the SOJ statute is there. And here, we have that condition. And that's not a reason to disallow the SOJ, because the purpose is to allow, liberally, a litigant to say, I'm not comfortable with this judge for whatever reason, even if it's because he's a man or she's a woman. I just don't like that judge. I'm not comfortable with it. And that is why the SOJ statute is there to begin with. And so the restrictions of judge shopping, that doesn't apply to that situation, because the SOJ specifically allows the substitution if someone just doesn't like the judge, even if it's from a past case. I've had judges multiple times in different cases, and so the SOJ right is freely given in those cases. They don't say, well, you formed an opinion because of this judge ruling against you in this other case. That doesn't matter in the SOJ statute. That's why it should be liberally construed and freely granted when the statutory requirements are met. But, like I say, it is. Let me ask you a question. Are you familiar with the Palos Community Hospital case versus Humana Insurance? Yes. How does that case apply to your case? Well, my impression is that abolished what's called the test the waters doctrine. And I mentioned it in my brief because that doctrine may have applied in this case if it were still in force. But that was thrown out by Palos Heights. So that doesn't apply here. But I think that Palos Heights was correct because that goes beyond what the statute says. The status of the earlier case, was that essentially over or was it ongoing at the time you filed the OP? At that point, there were several matters pending. And there was also, actually, before the, after the OP was filed, there was then, and before the emergency hearing, there was a JA case, two cases for the two children in Macon County because of the alleged abuse by the father. So I filed the OP for my client prior to the JA cases being filed. So at the emergency hearing of the OP, that was before the JA, well, that was after the JA cases had been filed. The judge specifically said, I'm not going to administer an emergency OP even though I would otherwise because of these JA cases providing protection for the children. Now, in the F case, there were several matters. I found that a very unusual order to rely on the state. The judge was relying on the state to pursue the JA cases instead of granting relief under the OP. Well, I didn't agree with it at the time. So. Is this case moved? Have the parties settled this case? Well, the important thing is the application of the law and applying the SOJ statute. Well, the important thing to me is whether we have jurisdiction. If the case has been settled, why are we here? Not necessarily. There have been orders entered by the judge to close or null if this court reverses the SOJ ruling because any rulings after an SOJ should have been granted are a nullity. Well, I'm just wondering if your clients have participated in proceedings that have settled this matter. In other words, there's no relief that this court can grant. Well, we can revisit all those rulings because they're a nullity. I really would appreciate an answer to my question. Has this case been resolved? And I'll go a step further. When we talk about case, are we talking about the order of protection or are we talking about the family case? Well, the cases are still open. There's still a pending matter in the F case without child support. There have been agreed orders entered. But that could be influenced by the SOJ decision. Okay, so it's not been totally resolved. Well, there have been agreements and settlements on permanent child support and custody. But those might change if those rulings are considered a nullity because of this appeal. And the OPE case may be revisited because things might change because of that. Is the OPE in effect? Is there an order of protection in effect? No. There has been no plenary order of protection hearing yet because the JA case has intervened. And we haven't pursued it because I'm waiting for this appeal to see how this appeal turns out. So then does it remain open, pending hearing? The OPE, yes. It is open, pending hearing? Yes. Okay. May I get a clarification on something, please? Sir, give me your view on how you see this. Follow up on Justice Cates' question. Your motion was filed in the OPE case, correct? The SOJ motion was filed in the OPE case. Correct. Your interpretation is that if your request is granted by this court, your interpretation of what happens in the F cases since the date of the motion? Yes. This should go with the OPE case to another judge because of the penalty. You said the orders would be null and void. Because the F case should have been transferred to another judge because of the SOJ. All right. You think that is there any basis for an argument to say those matters which were within the jurisdiction of the court in the F case would not be affected by this court's ruling? I suppose there's an argument for that. I would disagree with it. It's simply because under Rule 903, which Ms. Hickey strangely argues in favor of, because of that the cases should have been assigned to a new judge together. And like I say, both 903 and the SOJ statute could have been complied with. But with the SOJ denial, the SOJ statute has been violated, even if the 903 is honored. Well, I see my time is nearly up. I think I've made my main points, so I'll leave it at that. Just a second. Thank you. Just a second question. No, thank you. You'll have an opportunity to respond to the appellee's arguments after she's finished. Ms. Hickey? Ms. Hickey? Good morning. Good morning. May it please the Court, Counsel? First, I'd like to address. . . What's your name? Oh, I'm sorry. My name is Drew Hickey, and I'm Counsel for Appellee Brock Cochran. Thank you. First, I'd like to address this issue of the SOJ statute and whether this OP, by being consolidated under Supreme Court Rule 903, is quote, unquote, in the case. That appears to be kind of the crux of Mr. Thomas' argument. And I think that by Supreme Court Rule 903 consolidating that 2024 OP 76, it did become in the case. And the reason that it makes perfect sense for it to become part of the case is because these are the same children that these parties have been fighting over for years. These are the same parties. There aren't any new children involved. They were fresh allegations of abuse, but these parties in the history have been lobbying allegations of abuse back and forth for over 10 years. Before I interrupt you, too, was there pending matters in the family case at the time that the Order of Protection was filed? I believe at the time the Order of Protection was filed, the only thing pending was a motion for unpaid support. There were some issues of support from 2018 that had been undecided. Those have been ongoing. But I believe the parties had settled family issues through an order from Judge Beckett in March or February of that year. Was there a pending juvenile abuse case? At the time the OP was filed, yes, it had just been filed. It all happened at basically the same time over the same course of a few days. So when we had the OP hearing, part of my argument was there's an open juvenile case that's protecting these children. There doesn't need to be an Order of Protection in the family case. So yes, it was fresh, but it was pending. How do you rely on the state to bring your cause of action? I don't understand. Well, I understand that Ms. Brown, she made allegations against Mr. Cochran. She had the ability to bring the cause of action. However, what she was asking for in that OP was protection of the children. Those children were bodily protected. Visitation had stopped. In terms of do the children need to be protected from my client, of course, that's a different argument altogether. But just in terms of were they protected, yes. I'm going to interrupt. Were they wards of DCFS? Yes. Well, let me back up. No, I'm sorry. They had not been adjudicated. Right. They had not been adjudicated yet. So they hadn't been adjudicated yet, but at that time, they were under protected custody. They'd been removed. They'd been removed.  They'd been removed from the order.  But that came, I don't remember from the record the exact day, but it's pretty much together. Correct. From the OP filing and the juvenile cases being filed and the children being removed. Correct. The case before was from 2014. Well, a little bit different. Parties filed for divorce in 2014. There was the initial back and forth of who's going to have custody of the children, who's going to make decisions. Parties came to an agreement in 2014, 2015. The case was revived. There were a few OPs filed by Ms. Brown between 2014 and 2021. I got involved in the case in 2021 because Ms. Brown had filed another OP. So this was, and that OP led off for, let's see, I think we finally went to trial on it in 2023, in the spring of 2023. So that led up to two years of OPs back and forth, litigation back and forth, which is, it goes right into my point of these parties had been fighting this same fight for a long time. Judge Roach had ruled in Douglas County. We had trial down there. He ruled, made an extensive, I don't know how many pages, but at least 10 or 15 page ruling on all the evidence he'd heard from Jan, over days and half days of trial. I think we were there a total of maybe at least three, if not four or five. I don't remember. But from January to March, we were in his courtroom battling this out. And he made an extensive ruling in June of 20, I'm sorry, June of 2022. So we must have been in trial in 22. So we had an extension ruling from him. Then Judge Roach retired. When Judge Roach retired, the case was assigned to Judge Beckett in Piatt County, which is where it originated in the first place. Long history, I won't go into there, but that's where the case was. It was in Piatt County. And so when it got to Judge Beckett then, the parties were still dealing with this order from Judge Roach and trying to come to, really it had been about a year, come to a more permanent solution so that Ms. Brown could see the children. She was, of course, advocating for that. Mr. Thomas and I were advocating for our clients. So then Judge Beckett entered, I believe in February or March of 2024, an order granting Mr. Thomas' client visitation with the children. And so we had a substantial order then. Now, it was agreed. I don't think we litigated a whole bunch on that. But it was still an order. It was still a substantial order. And he had actually, previous to that, ruled on a motion to reconsider Judge Roach's order, which, you know, rehashed that entire order from June of 2022. So Judge Beckett had entered substantial orders in this case. And to, when Ms. Brown filed the OP, it was filed, yes, as a separate case. But under Rule 903, it was properly consolidated into the family case. What was the order of consolidation? I believe that was Judge Roach. She heard the first OP. She denied it and consolidated it to Judge Beckett. Because, I mean, my understanding of Rule 903, Your Honors, is that it should be consolidated. Because these are the same parties. It's the same children. It's the same matter. And so since the judge had all this history, including multiple OPs filed from both sides, it would only make sense that for the sake of the children, and I think that's what's being missed in all this, is Rule 903 is for the best interest of the children. Now, the two-  But Rule 903, is that a mandatory or a permissive consolidation? I believe the, I don't rightly know. The way I read it, let me go, I apologize, if I can look here. I mean, Judge Roach didn't have to consolidate it. She maybe didn't have to, but in my history in these cases and working with these, it is what happens as a matter of course, and it's the right thing to do because- I didn't say it wasn't right. Because of the best interest of the children. So she didn't have to. Do you think that's a substantive ruling when a judge makes a Rule 904 ruling? A 903? Do you think that's a substantive ruling? I don't think that's, no, Your Honor, I would say it's not substantive to the issues of the parties. Because it's procedural. Because it's procedural, yes, I agree. But I do believe that consolidating it with the larger case, especially given the history of this case, is in the spirit of Rule 903, it furthers the purposes of Rule 903, which is to have the best interest of the children served by the same judge who's been presiding over this case and these issues. If it was a different issue, if these were different kids, if there was something different about this, maybe Rule 903 wouldn't apply, but I think it was correctly applied. How does your position fit with the Bowman case? So with the Bowman case, I think one of the things that is also a little bit lost is the fact that Bowman and Palos both are not family cases. So I think it's important to look at this case in the lens of what it is. It's a family case. Now, the Bowman and Palos cases, both in different ways, state that the court can look in denying or granting an SOJ motion, can look at the overall controversy. That's from Bowman. And then Palos puts it, they can take into consideration, may take into consideration, the circumstances surrounding a motion for substitution of judge. So to me, those are similar. Overall controversy, circumstances surrounding. You look at the whole case. So in taking 20- Does Palos say that you can test the waters and still get a substitution of judge? I think it stands for the opposite. I think it stands for you should not test the waters. If you do test the waters, it would be, you know, if I filed, you know, I think that's what happened in Palos. They filed a case. They didn't like what the judge said. So they thought, I'm going to go get another judge. If it were that easy, I mean, it would be catastrophic for, it would make our profession maybe a little easier. But I think it would be catastrophic for justice. Well, that's why they drew a bright line, at least trying to draw a bright line. Correct. But the statute itself, 2-100182, says each party shall be entitled to one substitution of judge without cause as a matter of right. However, I believe that the way the case law carved that out, I think the case law says that the judge, you shall be entitled to a substitution of judge as a right if you don't take in, if the judge does not take into account the circumstances. I think that Palos especially drew that bright line, as you say, to allow the court to take in the circumstances. If you look at this 2024 OP76 case in a vacuum, sure, have a substitution of judge. But to do that would be such a miscarriage of what's best for the children, what's best for the parties in this case. It would just allow some completely different person to look at these issues. And I believe Judge Beckett was correct when he cited all of the relief that the petitioner in the OP case had asked for was all part of, all could have been handled with temporary relief, and all was, all affected the children. Support, their medicines, their visitation with the father, with the mother, all of those issues. An OP case can go beyond the children. It can relate to whether the parties come within a certain distance of one another. So there are other issues just beyond we've removed the children from the home, right? There are other issues. And so does it matter in this case whether one case was filed in one county and one in another county? I don't believe so, because I believe that my stance on it was always that the children were protected. There was no need for other relief. They were protected in Macon County, because the alleged abuse happened in Macon County. So they were protected. There was no reason for an OP to be granted. Further, that if the relief, I agree with you that there can be other relief in the OP. I think in this case, there was not. There was all of the relief that she was requesting, all related to the children. It asked for, you know, my client not to remove the children. But that again was related to what she perceived to be their safety. That was already covered by the juvenile case. I don't think there being two counties makes a difference, because one of my stringent arguments during, as we were arguing the substitution of judge, has been, if you have a judge in Macon County making decisions about these two children, you have a judge in Piatt County making a decision about these two children, two different judges in Piatt County, or maybe, you know, a judge in Champaign, depending on how that went. That would be a travesty for these kids. You know, you have, I mean, my heart... So are you suggesting that with Bowman and Pelos that we create a car ban for a family case? I am not suggesting that, no, because I think that those cases are different. The facts of those cases and the controversies in those cases are different. I think that Supreme Court 9, applying Supreme Court Rule 903 in this case, which is where it applies, essentially does that. It essentially provides for the children and their best interests to be taken care of. And so while Pelos and Bowman can be instructive to our case, it would not necessarily trump what 903 instructs judges and judiciaries to do, which is to consolidate cases in these family cases, consolidate the issues. I'm just looking up 903 real quick. I don't have the text in front of me either. But I believe that really covers my main points, except I just would say briefly that, you know, Mr. Brown's suggestion that if the relief is granted, we go back to the OP, we go back to a year ago when all this started. We go back to, I mean, the issues in the OP have been substantially settled. My client is paying permanent support. When you say settled, does that mean by the court or by the parties? By the parties in this case. There is a pending issue for the unpaid support that we're still waiting on. But the other issues have been settled. The children are with mom. That's subject to an order. The OP is still pending. But, I mean, the substantial issues and substantial relief that was asked for in this OP has already been granted in that family case. So there's no reason to retread. I believe it is, Your Honor, and that is why I, in my petition, asked for sanctions. I think that it was moot at the time this was filed because at the time the appeal was filed, I believe, and I have it in my brief that we had, I don't remember the timeline right directly off the top of my head, but I believe that when this appeal was filed, we had already entered an order substantially disposing of the matters relating to the children. Child support was still pending. But at this time, it's been resolved. So to go, I mean, you talk about judicial economy and about the parties and these children, which is why 903, again, I'm just very passionate that that should apply because these are different cases and these affect people's lives and children's lives. And so I think it's important to look at it through that lens and not have the case in the vacuum, especially where the parties, the attorneys, the children have already been through the litigation. It's pretty much done now. And so to go back and undo all that, for the sake of what? For whose sake? Well, that's why I'm asking you whether the parties had resolved this or whether the judge resolved this. It was supposed to be removed. The parties. In the O.P. case. Not in the O.P. case. The O.P. case is still pending. But the issues and the relief asked for in the O.P. case were resolved in the family case by settlement conference with the judge, subsequent agreement of the parties, and an order that's been entered by the judge. So there's an agreed order in the F case, but there's pending. What is pending in the order of protection is my question. Your Honor, the only thing that's really pending is this O.P. And the substitution of judge. Is this issue, yes, the substitution of judge. There is no emergency effect. There is no setting of a plenary. There is simply the substitution of judge that's here before us. That's correct, Your Honor. All the other issues in that O.P. petition have been resolved in the family case by agreed order. And to go back to what Mr. Thomas asked, if this court were to set aside the consolidation, for example, and grant his motion to substitute, what impact would that have on this litigation? Well, I think my first question would be if we've already done the work to settle the case, parties have done that, then what end does the O.P. have at this point? That's my first question. I know that doesn't answer your question, but I'm going to get there. So to set aside the S.O.J. ruling, I haven't thought too much about it, but I think on my feet here that it wouldn't really have an effect because the rulings are in the F case. If you say, you know, if the court says... You would use the rulings in the F case as the race to cut the law of the case in the O.P. case. In the O.P. case. That's the kind of one I'm thinking. The consolidation is no appeal, correct? There's no appeal at the consolidation. I don't believe so. Now... The only issue before us, sorry, I don't know why it's loud all of a sudden, the only issue before us is the motion, the overall motion for substitution of judge, correct? I believe that's true, yes. So the consolidation would stand regardless of which way we ruled. Right. But if there's a substitution of judge... Not necessarily, because if the order for substitution was set aside, I'm blanking on his name, but the judge who consolidated them, that would still be in effect because that was an appeal. But the... So there's been no substantive ruling in the order of protection? Correct. Except that it... And I'm not sure why we're here, what relief we... And I'll ask Mr. Thomas again, but I'm trying to run through my head what relief this court is giving that's of any substance. We essentially... You have the law of the case that you would apply in the OP case. He said during his portion of the argument, we set everything aside for potential impact. It sounds like you resolved it amicably before this other judge. Am I reciting that correctly? We... No, it was... The settlement of the issues that are in the OP was fairly amicable. We were able to come to an agreement. We used Judge Beckett, who the case was consolidated before, for a settlement conference. He helped us with that. We were able to narrow down the issues, and the parties were able to resolve that. So I agree with the court that if the SOJ is found to be incorrect and reversed, I don't know where that leaves us because all the other issues have been resolved. So if you want to go... I guess the only thing that could is that is the imposition of an order of protection. But there's already a no-contact order in the family case. So when you were resolving things, why didn't you dismiss the OP? There was an agreement to do that. There was no... There was no agreement to do that. And so when I was working and working on getting the case resolved, rather than continue to blow up the litigation and do... You know, the parties needed consistency. They needed to know what was going to happen. And if they were willing to resolve these issues, then we needed to resolve the issues rather than wait on the OP. Because, of course, you know, the nature of an OP is it's also kind of inflammatory to the case, and it impedes settlement. And so, you know, we'll put a pin in the OP. There's nothing we can do about it now. But let's settle these other issues and try to get peace for this family. So that was the motivation. And so if we go back and impose the OP, I don't know. I'd have to talk to my client. I don't know if he would object or wouldn't object. But I just don't believe that granting an SOJ motion, again, and I'll end on this unless the Court has any other questions, but I believe that granting this motion as it is puts the OP in a vacuum, and it would open the doors up to exactly what the payload support was trying to avoid, which is, okay, this judge hasn't been so favorable to us. Let's file an OP. Let's start a new case. We'll go down that path with a new judge, and then you've got fragmented decisions about the same parties and the same children. And I think that would just really set a harmful precedent and one that would be in contravention of the spirit of Rule 903. Yes, sir. I'm a little discordant with what Mr. Thomas said, so maybe you can clarify this, or I'll let him clarify it later. My recollection of the briefs were the F case was filed, and then the OP case was filed, and then the Macon County JA case was filed. Does that sound right? Is that the right sequence? Yes. The family case in Piatt County had been filed in 2018. Right. So it had been pending a long time. This new OP was filed. I can't remember exactly the timing, but really, I think, as I recall, the same day or the next day, I think, in fact, when we argued the OP, the emergency OP, we, as I recall, and I haven't looked at this, but as I recall, we had been in juvenile court that morning. And that's how I could argue confidently that the kids had been protected because there was shelter care and these kids were under the jurisdiction of that court. And then the OP. So the OP, they were filed simultaneously, but one was heard before the other. As I recall. Thank you. Just a second. No, thank you. I'm done. Thank you for your arguments. Thank you very much. Mr. Thomas? Mr. Thomas, before you begin, I have a question. Should this court set aside the order denying the motion for substitution of judge, do you and your client intend on pursuing the order of protection? If you deny it? If we grant it. Did I say deny? If we grant your motion, if we set aside the court's order, and so you get a substitution of judge, are you intent on pursuing the order of protection? Well, it depends on what my client wants to do. I mean, we can pursue it, certainly legally. And it may or may not be necessary, depending on what the father does in response to that. It may be we don't pursue it. It may be we do pursue it because the JA cases have now gone away. We do have orders in the F case, but if you reverse, those are nullity and would have to be heard by a different judge. What if you agreed to them? If you agreed to them, you would waive your right under this. Well, we have a right to rescind our agreement in that case, and we'd have to reconsider that. Under what authority? I was going to say. Under what authority? What is your authority? The nullity of Judge Beckett's orders. We had an agreement with Judge Beckett. What is your case law and statutory citation for that? Well, it's in my notes somewhere. I don't have it on the top of my head, but it's there, I'm pretty sure. I'm sorry. So, you know, this is a very busy court, and I'm worried that maybe this order is a waste of our judicial efforts. If you don't know standing before us today whether you're going to pursue an order of protection or not because it's going to be resolved, which is what I was trying to get at in my first answer to the question. But I'm not hearing an answer, and the answer is I don't know, which is a little tricky. I would hope we would just acknowledge those agreements and have a different judge enter them. I think that would be required because, like I say, I'm pretty sure case law says any orders entered by a judge after an SOJ should have been allowed are a nullity. Now, we pursued those things because we had little choice. It took a long time for this appeal to run its course. I want to emphasize again that the statute has to be followed. In the case, in the case, in Bowman is a completely different fact situation than we have here. The judge was wrong to rely on Bowman as a precedent to justify his decision here. And I think it's important for the Court to remember the basic purpose of the SOJ statute, which is, again, a matter of optics. It's a small measure of empowerment against the courts for litigants. Do you agree that there's no appeal at the consolidation of the two cases? No, we're not appealing that. I agree. I just want to emphasize, finally, when the courts are stingy with that SOJ right, as this Court was, that's a bad look for the courts because the legislature decided this right exists, and the courts should not rightly set that aside. Thank you. Anything else? Just a second. No questions. Thank you. Thank you. Thank you, Miss Enge. It's an interesting case. This matter will be taken under advisement. We'll issue an order in divorce. Thank you both for your arguments here today. Have a wonderful day. Thank you.